IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In Proceedings under |
| | ) | Chapter 7 |
| GRAVEMANN, KEVIN L. | ) | |
| GRAVEMANN, RHONDA L. | ) | BK 05-35597 |
| | ) | |
| Debtors. | ) | |

## OPINION

In this Chapter 7 case, the Debtors filed an Amended Schedule C claiming an exemption of $7,500.00 in the proceeds from a lawsuit settlement. The Debtors claim the funds are exempt under 735 ILCS 5/12-1001(h)(4) as a payment "on account of personal bodily injury of the debtor." The Trustee objected.

The facts are undisputed. On October 12, 2005, Debtors Kevin and Rhonda Gravemann filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code. *Stipulation of Facts*, ¶ 1. Listed among the Debtors' assets was a pending wrongful termination lawsuit against SBC Services, Inc. ("SBC"). *Id*. at ¶ 2. On May 9, 2006, the Trustee moved the Court to authorize her to employ Lee Barron to pursue the estate's cause of action against SBC. *Id*. On October 16, 2008, the Trustee filed an application to compromise controversy. In it, she asked the Court to approve a settlement with SBC for $62,000.00 plus costs. She stated that the settlement would result in creditors being paid 100% of the filed claims. *Id*. at ¶ 3. Based upon the information that the settlement was for a wrongful discharge claim and unrelated to any personal injury claim, the Trustee submitted tax returns on behalf of the bankruptcy estate on February 16, 2009. *Id*. at ¶ 6. She paid the Illinois Department of Revenue $1,830.00 and the Internal Revenue Service $3,953.00. *Id*.

At some point in time, the Debtors discovered that a personal injury claim was associated with the wrongful discharge claim. On April 7, 2009, the Debtors filed an Amended Schedule C

seeking to exempt $7,500.00 of the value of the settlement as a personal injury claim. *Id*. at ¶ 4. On April 17, 2009, the Trustee timely objected to the amended exemption. *Id*. at ¶ 5.

Federal Rule of Bankruptcy 1009(a) provides that a debtor may amend a voluntary petition "as a matter of course at any time before the case is closed." *Matter of Yonikus*, 996 F.2d 866, 871-72 (7th Cir. 1993). In *Yonikus*, the Seventh Circuit endorsed the "permissive approach" of allowing the amendment of schedules, including lists of exempt property, at any time before the case is closed, with the caveat that an amendment may be denied upon a clear and convincing showing of bad faith by the debtor or prejudice to the creditors. *Id*. at 872. A mere allegation by an objector of bad faith is insufficient; bad faith and/or prejudice must be shown by clear and convincing evidence. *Id*., citing *Matter of Brown,* 56 B.R. 954, 958 (Bankr.E.D.Mich.1986).

The Debtors argue that Rule 1009(a)'s liberal amendment policy, recognized by the Seventh Circuit, outweighs any prejudice that creditors and the Trustee would experience. They argue that because any physical manifestations from the wrongful termination of Rhonda Gravemann had not manifested themselves as of the date of the bankruptcy filing, it was reasonable to not claim an exemption in any settlement funds. They also argue that allowing the exemption would only reduce the creditors' collection by approximately 15% to approximately 85%, and that Chapter 7 bankruptcies rarely result in unsecured creditors receiving 100% of their filed claims. The Debtors cited no case law in support of their argument.

The Trustee argues that the estate and the unsecured creditors have been significantly prejudiced by the Debtors' failure to amend their Schedule C in a timely manner. The Debtors said nothing when notice of the settlement went out to creditors. Further, the Debtors allowed the Trustee to pay taxes on the full settlement amount. It wasn't until six months after the settlement was approved by the Court that the Debtors made any attempt to amend their exemption.

The Trustee cites two cases in support of her argument. In *In re Szymanski*, 189 B.R. 5, 7 (N.D.Ill. 1995), the court affirmed the denial of an amendment seeking to exempt a personal injury settlement 21 months post-petition and after the trustee noticed the settlement to the creditors. The court noted that the trustee sought to compromise the claim and reach settlement without any knowledge that the debtor would claim an exemption in the settlement proceeds. *Id*. The debtor's creditors received notice seeking approval of the settlement stating that the proceeds of the claim would be available to the estate and the creditors. *Id*. It was only after the notice that the debtor sought to claim his exemption. *Id*. The court held that, as the debtor did not amend his schedules until after the notice of the settlement was sent to the creditors and because of their expectation that the entire settlement would be made available to pay claims, the creditors would be prejudiced by the amendment. *Id*.

Likewise, in *In re Jelinek*, 97 B.R 429, 431 (N.D.Ill. 1989), the court held that the trustee was prejudiced by the debtor's delay in claiming the homestead exemption because the trustee negotiated a condemnation proceeding settlement without knowledge of the exemption. The court held that the creditors were also prejudiced in that the notices seeking approval of the settlement did not indicate that the debtor would be claiming the exemption and would, therefore, be receiving a portion of the settlement. *Id*. In *Jelinek*, the debtor waited over two years after the petition date to amend his exemptions.

The Trustee argues that the Debtors are precluded from amending their exemptions to include the settlement through laches and detrimental reliance. Laches is an equitable doctrine which precludes the assertion of a claim by a litigant whose unreasonable delay in raising that claim has prejudiced the opposing party. *Tully v. State*, 143 Ill.2d 425, 432 (1991). The doctrine is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights to the detriment of the opposing party. *Id*. Two elements are

3

necessary to a finding of laches: 1) lack of diligence by the party asserting the claim and 2) prejudice to the opposing party resulting from the delay. *Id.*

Here, it is undisputed that the Debtors waited approximately three and a half years from the date of the filing of their Chapter 7 case before seeking to exempt a personal injury claim. This exceeds the delays in the *Szymanski* and *Jelinek* cases (twenty-one months and two years respectively) where the courts found the creditors would be prejudiced by any amendments.

Even accepting, *arguendo*, that the Debtors were unaware of any personal injury claim at the time of filing their petition, both they and their attorney would have been aware of exactly the nature of the claims that were being settled with SBC. Despite this knowledge, the Debtors waited six *more* months from the date the Trustee sought the Court's approval for a settlement with SBC to claim an exemption in the settlement proceeds. During this time, the settlement was noticed to creditors informing them that 100% of claims would be paid. The Debtors provide no explanation for this delay.

The estate was prejudiced by having the settlement approved on the basis of unsecured creditors receiving 100%. The settlement with SBC is final and cannot be set aside. So if the amended claim of exemptions were allowed unsecured creditors would receive 15% less than what they were told they would receive when the settlement was approved. The Debtors' argument that the amount creditors would receive would only be reduced by 15% does not help their position as *Yonikus* does not provide for a balancing test, and a 15% reduction is a prejudice to creditors which falls within the exception set forth in *Yonikus*.

For these reasons, the Trustee's objection to the Debtors' Amended Schedule C is SUSTAINED. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.
ENTERED: December 10, 2009

                                                            /s/ William V. Altenberger
                                                    UNITED STATES BANKRUPTCY JUDGE/4